United States District Court

Eastern District of Louisiana

Folse

v.                                              CIVIL ACTION NO. 2:00-cv-01645
                                                SECTION B (2)
C F Industries Inc


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, June 5, 2000.

                                      By Direction of the Court

                                      LORETTA G. WHYTE, CLERK



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN FOLSE, JANICE TEARLY, ELMO LEBOEUF, GAIL LEBOEUF, LEAH LEBOEUF, ELLA LEBOEUF, AND HATTIE LADAY<br><br>VERSUS<br><br>C.F. INDUSTRIES, INC. | CIVIL ACTION NO. 00-1645<br><br>DIVISION _____ SECTION _____<br><br>JUDGE  SECT. B MAG. 2<br><br>MAGISTRATE |

### NOTICE OF REMOVAL

To: Plaintiffs
Through their counsel of record
Thomas J. Kliebert, Jr.
205 N. Airline Highway
Gramercy, Louisiana 70052

Daniel E. Becnel, Jr.
Darryl J. Becnel
Law Office of Daniel E. Becnel, Jr.
106 West Seventh Street
Reserve, Louisiana 70084

Nathan Folse
8907 Highway 18
St. James, Louisiana 70086

NO:99091851.1

$ 150.00
___ Process
X Dktd
___ CtRmDep
___ Doc.No. 1

Richard J. Arsenault
Neblett, Beard & Arsenault
2020 Bonaventure Court
P. O. Box 1190
Alexandria, Louisiana 71309

Walter C. Dumas
Dumas & Associates
1263 Government Street
Baton Rouge, Louisiana 70821

PLEASE TAKE NOTICE that CF Industries, Inc. ("CF"), defendant in that certain proceeding entitled "Vivian Folse, et al. vs. C.F. Industries, Inc." Civil Action No. 26728, Section "D", filed in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, hereby files its Notice of Removal and removes this action to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is being served upon Thomas J. Kliebert, Jr., Daniel E. Becnel, Jr., Nathan Folse, Richard J. Arsenault, and Walter C. Dumas, as counsel for plaintiffs, Vivian Folse, et al., and a copy of this Notice of Removal is being filed with the Clerk of Court of the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, in conformity with 28 U.S.C. § 1446(d). Although CF has not been served with the state court petition through their registered agent for service of process, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in CF's possession is attached hereto as Exhibit A.

CF respectfully submits that the grounds for its removal of the action are as follows:

I.

A Class Action Petition (the "Petition") entitled "Vivian Folse, et al. versus CF Industries, Inc." Civil Action No. 26728, Division "D", was filed on May 25, 2000, in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana, and is pending in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

II.

Plaintiffs Vivian Folse, Janice Tearly, Elmo LeBoeuf, Gail LeBoeuf, Leah LeBoeuf, Ella LeBoeuf, and Hattie Laday allege in the introductory paragraph of their Petition that they are residents of Louisiana. Plaintiffs, therefore, are citizens of the State of Louisiana. Defendant CF Industries, Inc. is a Delaware corporation with its principal place of business in Illinois. CF, therefore, is a citizen of the state of Delaware and/or Illinois. To the extent plaintiffs allege CF's principal place of business is in Louisiana, that allegation is inaccurate and should be disregarded. In the alternative, plaintiffs' allegation that CF's principal place of business is in Louisiana was improperly and/or fraudulently made to defeat this Honorable Court's diversity jurisdiction. Accordingly, complete diversity of citizenship exists between plaintiffs and defendant.

III.

The Petition asserts that "[t]his is a class action brought pursuant to Louisiana law on behalf of all persons or entities who or which sustained direct and/or consequential injury and damage as a result of the explosion, fire and toxic chemical spill, leak and/or release which occurred on or about May 24, 2000 at the CF Industries, Inc. plant in Donaldsonville, Ascension Parish, Louisiana." (Petition, ¶ 3.)

IV.

In the Petition, plaintiffs seek on behalf of themselves and putative class members undefined general and special damages, including but not limited to personal injury, emotional and mental damages, economic damages, evacuation, shelter in place, property damage, and inconvenience. (Petition, ¶ 11.)

V.

The amount in controversy can be expected by a preponderance of the evidence or with reasonable certainty to exceed $75,000 for the following reasons:

a)  Pursuant to Louisiana Class Action statutory provisions, class action plaintiffs are entitled to seek recovery of attorneys' fees and costs. La. Code Civ. Pro. Art. 595. Article 595 provides that in a class action "the Court may allow the representative parties their reasonable expenses of litigation, including attorneys' fees . . . ." Accordingly, the plaintiffs have a common and undivided interest in the class claim for attorneys' fees, which may be aggregated and attributed to the named plaintiffs for determining the amount in controversy. Upon information and belief, the claim for attorneys' fees in this matter can be expected by a preponderance of the evidence or with reasonable certainty, to exceed the sum or value of $75,000, exclusive of interest and costs.

b)  Although plaintiffs allege their claims do not equal or exceed $75,000 (Petition, ¶ 14.), they have not stipulated or filed an affidavit to that effect with their state court petition. Therefore, the amount of their claim is subject to amendment or modification. Plaintiffs allege "major medical problems" as well as other significant damages. (Petition, ¶¶ 6 and 13.) Upon information and belief, based on the facts pled by plaintiffs, the amount in controversy with respect to certain of the named plaintiffs' claims can be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum or value of $75,000, exclusive of interest and costs.

c)  Additionally, plaintiffs allege that "[u]ntil a more precise determination is made of the geographical area affected by the spill, leak and/or release . . . the class consists of all persons and entities who sustained [damage] and whose claims do not equal or exceed $75,000.00 (Seventy-Five Thousand and no/100 Dollars)." (Petition, ¶ 15.) However, plaintiffs' allegations regarding the claims of the putative class members are subject to modification and amendment. Upon

information and belief, based on the facts pled in the Petition, the amount in controversy with respect to the claims of certain of the putative class members can be expected by a preponderance of the evidence or with reasonable certainty to exceed the sum or value of $75,000, exclusive of interest and costs.

VI.

There is complete diversity of citizenship between plaintiffs and CF, and because the amount in controversy exceeds $75,000, this Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

VII.

Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over any and all claims for which it does not have original jurisdiction as well as over the claims of any and all unnamed, putative class members.

VIII.

Service of the Petition on CF's registered agent for service of process has not been effected, but CF received notice of the Petition on or after May 25, 2000. Since CF has not been served with the Petition, thirty (30) days have not yet elapsed from service, and in any event, thirty (30) days have not elapsed since CF received notice of the Petition on or after May 25, 2000. Accordingly, Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

IX.

Promptly after filing this Notice of Removal, written notice hereof will be given to plaintiffs and will be filed with the Clerk of the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.

WHEREFORE, Defendant CF Industries, Inc. prays that this, its Notice of Removal, be deemed good and sufficient and that the aforesaid Class Action Petition be removed from the 23rd Judicial District Court for the Parish of St. James, State of Louisiana to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court, and thereupon proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted,

_____
MARK C. DODART (#17549)
NEIL C. ABRAMSON (#21436)
NORA T. BOLLING (#22955)
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

- and -

MICHAEL H. RUBIN (#10833)
RICHARD A. CURRY (#4671)
MICHAEL FERACHI (#19566)
McGLINCHEY STAFFORD
Ninth Floor, One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000

- and -

JOHN W. PERRY JR. (#10524)
DANIEL J. BALHOFF (#18776)
ATKINSON, PERRY, ATKINSON
   & BALHOFF, L.L.C.
2141 Quail Run Drive
Baton Rouge, Louisiana 70884-3260
Telephone: (225) 767-7730

- and -

MALCOLM J. DUGAS, JR. (05137)
DUGAS, LEBLANC & SOTILE, L.L.C.
406 Houmas Street
Donaldsonville, Louisiana 70346
Telephone: (225) 473-3109

- and -

ROBERT E. KERRIGAN
CHARLES LECHE (08218)
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, Louisiana 70130-3672

COUNSEL FOR CF INDUSTRIES, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on all known counsel of record by First Class United States Mail, properly addressed and postage prepaid, this 2nd day of June, 2000.

*[signature]*